1 | Joshua Briones (SBN 205293)
jbriones@mintz.com
2 | Adam B. Korn (SBN 331133)
abkorn@mintz.com
3 | MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
2029 Century Park East, Suite 3100
4 | Los Angeles, California 90067
Telephone: (310) 586-3200
5 | Facsimile: (310) 586-3202

6 | Attorneys for Defendant
Rater8, LLC

7

8 | **UNITED STATES DISTRICT COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

10 | ROBERT WILSON, individually and
on behalf of all others similarly situated,

Case No. **'21 CV 1476 BEN RBB**

11

Plaintiff,

**NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332,
1441(b) AND 1446 BY DEFENDANT
RATER8, LLC**

12 | v.

13 | RATER8, LLC, a Delaware Limited
Liability Company; and DOE
DEFENDANTS 1 through 100,
inclusive,

**JURY TRIAL DEMANDED**

14

Complaint Filed: June 21, 2021

15

Defendants.

16

17 | **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

18 | **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441(b) and

19 | 1446, Defendant Rater8, LLC ("Defendant") hereby removes this action entitled

20 | *Robert Wilson v. Rater8, LLC, et al.,* currently pending in the Superior Court of

21 | California, County of San Diego, Case Number 37-2021-00026905-CU-BT-CTL, to

22 | the United State District Court for the Southern District of California. This Court has

23 | original subject matter jurisdiction under 28 U.S.C. §§ 1332 and 1441 *et seq.* In

24 | support of this removal, Defendant further states:

25 | 1. This is a civil action filed on or about June 21, 2021 by Robert Wilson

26 | ("Plaintiff") in the Superior Court of California, County of San Diego, Case Number

27 | 37-2021-00026905-CU-BT-CTL, captioned *Robert Wilson v. Rater8, LLC et al.*

28 | ("Superior Court Action").

2.     This action arises out of the exact same case and controversy as an already existing case in the Southern District of California.  *See Robert Wilson v. Rater8, LLC et al*., Case Number 20-cv-01515 ("S.D. Cal. Matter").

3.     Defendants in the S.D. Cal. Matter (including Rater 8, LLC) filed a Notice of Related Case per Southern District Civil Local Rule 40.1(g).  Further, Defendant filed a Notice of Related Case per California Rules of Court Rule 3.300 in the Superior Court Action.  (*See* **Exhibit A,** attached hereto.).  Plaintiff did not file an opposition to these notices of related case.  *See* California Rules of Court Rule 3.300(g).  As such, Defendant seeks to incorporate by reference facts alleged by Plaintiff in the S.D. Cal. Matter in support of its Notice for Removal.

4.     The Parties have already held a status conference with Chief Judge Sabraw in the S.D. Cal Matter on August 11, 2021, concerning Plaintiff's recently filed Superior Court Action ("August 11th Hearing").  (*See* Declaration of Adam Korn ¶ 2 ("A. Korn Decl.").  During the August 11th Hearing, Plaintiff's counsel noted they were raising the same claims in both the Superior Court Action and S.D. Cal Matter and had brought the case in state court as they were concerned about potentially waiving the statute of limitations.  (*See* A. Korn Decl. ¶ 3.).

## I.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

5.     Pursuant to 28 U.S.C. § 1446(a), Defendant attaches to this Notice of Removal a copy of all process, pleadings, and orders entered in this case. (*See* **Exhibit B,** attached hereto.).

6.     Plaintiff commenced this action in the aforementioned state court on or about June 21, 2021.  Defendant was served on or about July 20, 2021.  Therefore, this removal is timely filed pursuant to 28 U.S.C. § 1446(b) and (c).

7.     Venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Southern District of California is the "district and division embracing the

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(B) AND 1446 BY DEFENDANT RATER8, LLC

1    place where such action is pending." *See* 28 U.S.C. § 1441(a) and 28 U.S.C. § 84(d).

2    8.    Venue is appropriate considering Plaintiff has already sued Defendant in

3    a punitive class action based on the exact same alleged conduct against the exact same

4    defendants.  *See* S.D. Cal. Matter.

5    9.    Promptly following the filing of this Notice of Removal, written notice of

6    the removal of this action will be served to Plaintiff's counsel, as required by 28

7    U.S.C. § 1446(d).

8    10.    A true and correct copy of this Notice of Removal will also be promptly

9    filed with the Superior Court of California, County of San Diego, pursuant to 28

10   U.S.C. § 1446(d).

11   **II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS CAFA**

12   **JURISDICTION PURSUANT TO 28 U.S.C. § 1332(D)**

13   **A.    DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE**

14   **PARTIES**

15   11.    There is minimal diversity of citizenship between Plaintiff and

16   Defendant.  28 U.S.C. § 1332(d)(2)(A).

17   12.    Defendant is now, and was at the time of the filing of this action, a

18   Delaware limited liability company organized and existing under the laws of the State

19   of Delaware, with its principal place of business in the State of New Jersey, and is

20   therefore a citizen of the States of Delaware and New Jersey for purposes of

21   determining diversity.  *See* 28 U.S.C. § 1332(d)(2)(A).

22   13.    Based on information and belief, at all times relevant to this action,

23   Plaintiff—a natural person and resident of California—is and has been a citizen of the

24   State of California, not the State of Delaware or the State of New Jersey.

25   14.    Accordingly, minimum diversity of citizenship exists between the parties.

26   15.    The citizenship of the Doe defendants shall not be considered for

27   purposes of determining diversity jurisdiction, as these are fictitious defendants. *See*

28

- 3 -

28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

**B.    THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

16.    Further, Plaintiff has already plainly stated number of putative class members exceeds 100.  *See* 28 U.S.C. § 1332(d)(5)(B).  FAC ¶ 56 ("the Class members number in at least the thousands, if not more").  (*See* A. Korn Decl. ¶ 4.).

17.    Defendant denies that Plaintiff's proposed classes can meet the requirements of Federal Rule of Civil Procedure 23.  However, based on the relief Plaintiff seeks, both individually and on behalf of the alleged class, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").  *See Morand-Doxzon v. Delaware N. Cos. Sportservice, Inc.*, No. 20-cv-1258 DMS (BLM), 2020 U.S. Dist. LEXIS 204294, at *3 (S.D. Cal. Nov. 2, 2020) ("Furthermore, 'no antiremoval presumption attends cases invoking CAFA,' and its provisions must be interpreted 'broadly in favor of removal.'") (internal citations omitted); *Perea v. Fedex Ground Package Sys.*, No. 20-cv-00610-DMS-AHG, 2020 U.S. Dist. LEXIS 124433, at *5 (S.D. Cal. July 15, 2020) ("Thus, when dealing with cases arising under CAFA, its provisions must be 'read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'") (internal citations omitted).

18.    While the allegations in the Complaint note that the Plaintiff seeks less than $75,000, Plaintiff stated in his First Amended Complaint in the S.D. Cal. Matter that the "the Class members number in at least the thousands, if not more."  Dkt. 12 ¶ 16.  Plaintiff's Confidentiality of Medical Information Act (CMIA) (Civ. Code, § 56

*et seq.*) has a statutory penalty of $1,000.  If you were to multiply "thousands" of class members by $1,000 per violation it exceeds $5,000,000.

19.    In sum, if the proposed class were to prevail on all claims and recover all remedies sought in the Complaint, then, pursuant to the allegations of the Complaint, the relief awarded in the aggregate would exceed $5,000,000.

20.    "A notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059 (9th Cir. 2021) (citations omitted).  When the amount in controversy is not clearly specified in the complaint, the court may consider facts in the complaint as well as in the removal petition.  *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); accord *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010) (stating that the Court "found no case in any other circuit that purports to prohibit a district court from employing its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy.").

21.    Based on the foregoing, the Superior Court Action may be removed to this Court in accordance with the provisions of 28 U.S.C. §§ 1332 and 1441 *et. seq*. because 1) this is a putative class action within the jurisdiction of this Court; 2) this action is between citizens of different states; 3) the matter involves 100 or more putative class members and 4) the amount in controversy exceeds $5,000,000 exclusive of interest and costs.

22.    Finally, Defendant requests that Chief Judge Sabraw stay all future proceedings related to this Notice for Removal pending the outcome of the motion to dismiss under Fed. R. Civ. P. 12(b)(6) in the S.D. Cal. Matter that is currently under submission.  Simply, Plaintiff's Superior Court Action could become moot if Defendant's motion to dismiss is granted.  As Chief Judge Sabraw noted during the

August 11th Hearing, the parties can work together to address consolidation of these two cases without further Court intervention if the Court does not dismiss all of Plaintiff's claims as part of the pending motion to dismiss.  (*See* A. Korn Decl. ¶ 5.).

WHEREFORE, Defendant Rater8, LLC hereby respectfully removes this action entitled *Robert Wilson v. Rater8, LLC, et al*., currently pending in the Superior Court of California, County of San Diego, Case Number 37-2021-00026905-CU-BT-CTL, to the United State District Court for the Southern District of California.

Dated:  August 19, 2021                    Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

By:  Joshua Briones
      Adam B. Korn

Attorneys for Defendant
Rater8, LLC

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(B) AND 1446 BY DEFENDANT RATER8, LLC

## EXHIBITS – TABLE OF CONTENTS

| Exhibit Number | Description | Page Number |
|---|---|---|
| A | Notice of Related Case filed in the S.D. Cal. Matter and Superior Court Action, Order Setting Status Conference filed in S.D. Cal Matter. | 8-73 |
| B | Copies of all process, pleadings, and orders entered in the Superior Court Action. | 74-147 |

114600666v.3

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(B) AND 1446 BY DEFENDANT RATER8, LLC